UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON SHIREY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2741 |
| | § | |
| HELIX ENERGY SOLUTIONS GROUP, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is a motion to dismiss or stay filed by defendant Helix Energy Solutions Group, Inc. ("Helix"). Dkt. 6. After considering the motion, response, reply, and applicable law, the court is of the opinion that Helix's motion should be DENIED.

### I. BACKGROUND

This is an employment law case in which plaintiff Jason Shirey contends that Helix misclassified his job as a toolpusher as exempt from overtime. Dkt. 7 (first amended complaint). Shirey worked for Helix from November 2008 through July 2017. *Id.* He contends that he routinely worked over forty hours a week but was not paid overtime. *Id.* He asserts that his work does not meet the definition of exempt work under the Fair Labor Standards Act ("FLSA") because it was routine and manual labor in the oilfield and offshore in the Gulf of Mexico. *Id.*

Shirey originally filed his claim on behalf of himself and others similarly situated. Dkt. 1. Helix filed a motion to dismiss or stay because Shirey's claims were duplicative and overlapped with an existing and earlier filed FLSA lawsuit. Dkt. 6; *see Hewitt v. Helix Energy Solutions Grp., Inc.*, No. 4:17-cv-02545 (S.D. Tex., filed Aug. 8, 2017) (Hoyt, J.). Shirey thereafter amended his complaint and removed the claims on behalf of those similarly situated. *See* Dkt. 7.

Shirey also filed a response to Helix's motion to dismiss or stay in which Shirey asserts that his amended complaint moots Helix's motion. Dkt. 8. Shirey additionally argues that now that he has abandoned his collection action allegations, minimal if any overlap exists between his suit and the collective action, as his suit hinges on how may hours he, personally, worked. *Id.* He also argues that he has a right to bring his own separate FLSA claim and it "would subvert the purpose of the FLSA if a court were to use a pending collective action to dismiss or delay an employee's separate suit to vindicate his individual rights under the FLSA." *Id.* (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S. Ct. 1953 (1985) (instructing that the FLSA must be construed liberally)).

Helix filed a reply in which it contends that (1) Shirey's amended complaint does not moot Helix's motion; (2) significant overlap still remains between Shirey's claim and the collective action; and (3) dismissing or staying Shirey's claims will not deprive him of any substantive right under the FLSA. Dkt. 10. Helix contends that both lawsuits center on the legal issue of whether Helix's pay structure for toolpushers satisfies the "salary basis" test as required under the FLSA exemptions of 29 U.S.C. § 213(a)(1). *Id.* It asserts that removing the collective action allegations only removes one area of overlap and since substantial overlap still exists, allowing Shirey's lawsuit to proceed would be inefficient. *Id.* Helix argues that dismissing Shirey's claim does not run afoul of Shirey's ability to vindicate his individual rights under the FLSA because dismissal is proper under the first-to-file rule. *Id.* Helix also contends that Shirey is still able to join the first-filed lawsuit with counsel of his choice. *Id.* Helix argues that dismissing Shirey's claim or allowing him to join the first-filed case will avoid duplicative litigation and unnecessary costs to the court. *Id.*

## II. LEGAL STANDARD

In the Fifth Circuit, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). This is known as the "first-to-file rule," and the purpose is "'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform suit.'" *Id.* (quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The rule does not require the cases to be identical; instead courts may consider the "extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citations and quotations omitted).

## III. ANALYSIS

While the court does not doubt that it *may* apply the first-to-file rule, it exercises its discretion not to do so for the same reasons discussed by Judge Rodriguez in *Guyton v. Legacy Pressure Control, Inc.*, No. 15-CV-1075-XR, 2016 WL 5794801 (W.D. Tex. Oct. 4, 2016) (Rodriguez, J.). Judge Rodriguez noted first that whether to apply the rule is within the district court's discretion. *Id.* at *2. The *Guyton* case, like this case, was an FLSA case, and the first-filed case was an FLSA collective action. *Id.* Judge Rodriguez pointed out that the FLSA allows plaintiffs to proceed on an individual basis rather than joining a collective action. *Id.* While Judge Rodriguez was considering whether to transfer venue and the plaintiff's choice of forum also factored into his decision, here the court finds that Shirey's right to have his case heard as an individual as opposed to joining a collective action weighs against the application of the first-to-file rule. Additionally, the court does not find it appropriate or necessary to stay Shirey's case until the

3

collective action case is resolved. While there is a slight risk that this court and the court considering the collective action (Judge Hoyt) will reach different conclusions, the issues are not complex and the law is relatively well settled. Thus, the threat of conflicting rulings is minimal. The court therefore declines to apply the first-to-file rule. Helix's motion is DENIED.

### IV. CONCLUSION

Helix's motion to dismiss or stay is DENIED.

Signed at Houston, Texas on April 2, 2018.

_____
Gray H. Miller
United States District Judge